IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 8, 2001 Session

# PILGRIM EMMANUAL BAPTIST CHURCH v. ALBERT BUCKINGHAM, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 00-206-I (III)     Ellen Hobbs Lyle, Chancellor**

---

**No. M2000-02377-COA-R3-CV - Filed September 19, 2001**

---

The parties agreed to the consolidation of two cases for trial and appellate proceedings.  The plaintiffs in each case sought broad injunctive relief to correct alleged irregularities in the affairs of the church.  All named parties, plaintiffs and defendants, were enjoined from disturbing or disrupting any worship service or church meeting, and certain safeguards were placed on church funds and property.  Thereafter, the church moved for summary judgment which was granted, thus effectively terminating the litigation.  Mr. Buckingham appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and WILLIAM C. KOCH, JR., J., joined.

Terry R. Clayton, Nashville, Tennessee, for the appellant, Albert Buckingham.

Cyrus L. Booker, Nashville, Tennessee, for the appellee, Pilgrim Emmanuel Baptist Church.

**OPINION**

**I.**

The dispositive issue is whether Mr. Buckingham, a member of the incorporated church, had standing to file an action on behalf of the church against its Pastor, seeking to call him to account for alleged financial irregularities.

During the pendency of this action the church appointed an Investigation Committee to look into the allegations of misconduct.  The Committee's report, favorable to the Pastor, was approved by a majority of the Board of Deacons to whom it was submitted; the Board, in accordance with

accepted procedures, then referred the Report to the entire membership which approved it by a vote of 114 to 12.

The Chancellor granted the motion of the church for summary judgment, holding that the action is a derivative one and that "no demand has been made in the substance and form required by law" and that "no proper derivative claim has been asserted in this action."

## II.

Tenn. Code Ann. § 48-17-401(b) provides that

> A complaint in a proceeding in the right of a corporation must be verified and allege with particularity the demand made, if any, to obtain action by the board of directors and either that the demand was refused or why he did not make the demand.

Rule 23.06 of the Tenn. R. Civ. P. requires the complaint to allege with particularity the efforts of the plaintiff to obtain from the directors or comparable authority, and if necessary, from the stockholders or members, and the reasons for his failure to obtain the action or not making the effort.

Mr. Buckingham's complaint was not verified, and no written demand was served by him requesting that a specific claim should be asserted on behalf of the church against its Pastor. There is no evidence in the record that such demand would have been futile. *See, **Lewis v. Boyd**,* 838 S.W.2d 215 (Tenn. Ct. App. 1992).

It results that the judgment of the Chancery Court must be affirmed at the costs of the appellant, Albert Buckingham.

_____
WILLIAM H. INMAN, SENIOR JUDGE